# CIRCUIT COURT OF THE CITY OF RICHMOND

Media General Operations, Inc.,
t/a the Richmond Times Dispatch

v.

City Council
of the City of Richmond

May 5, 2004

Case No. LR-2514-1

BY JUDGE MELVIN R. HUGHES, JR.

Media General Operations, Inc., which owns and operates many newspapers and media outlets, including the newspaper, the *Richmond Times-Dispatch*, has brought this action under the provisions of the Virginia Freedom of Information Act seeking disclosure of a closed meeting of the City Council of the City of Richmond held on November 3, 2003.

On November 3, 2003, during a regularly scheduled meeting, City Council voted to go into closed session to discuss the performance of Richmond's City Manager, Calvin Jamison, as it relates to rising crime in the City of Richmond. In taking this action, City Council relied on a provision of the Act contained in Va. Code § 2.2-3711 which authorizes closed meetings for the "evaluation of performance of departments ... where such evaluations will necessarily involve discussion of the performance of specific individuals," in this case, the City Manager. It also relied on Va. Code § 2.2-3711(A)(1), which in pertinent part provides that a meeting may be closed for:

> Discussion, consideration or interviews of prospective candidates for employment, assignment, appointment, promotion, performance, demotion, salaries, disciplining, or resignation of specific public officers, appointees, or employees of any public body. . . .

Present at the closed meeting were members of City Council, Jamison, and four high ranking police officers including the Deputy Chief of Police. There being no notes or other recordation of what transpired, the parties agree that the only source of disclosure would be that which is contained in the depositions of the persons who were present at the meeting. These were compiled at the court's direction, portions of which are under seal by court order for review by the court for resolution of the case.

The court set a briefing schedule, following time for the compilation of the testimony taken by depositions. The parties convened before the court on April 8, 2004, for the purpose of providing closing argument. Upon convening, City Council lodged an objection to having the proceedings in open court. It argued that, in offering argument on the record contained in the depositions, that which was sought from public disclosure by having a closed meeting would be disclosed, thus defeating the purpose of having a properly authorized closed meeting. The court then adjourned the hearing in order to complete the reading of the depositions. Having completed that process, the court is prepared to rule based on the papers read, which includes the parties' briefs submitted in advance of the hearing set for closing argument.

A reading of the transcripts reveals that, rather than a focus on Jamison personally as an employee and City Manager, the discussion ranged over the City's plans and programs to meet soaring crime, an important topic, but not one that meets the requirements of the Act to justify closure. This is the case even though Mayor McCullum is noted as reminding persons present that the purpose of the meeting was to scrutinize Jamison and his performance and even though some of the police officers present noted that Council members directed their attention to Jamison and his policy and programs relative to police department programs and procedures for handling the crime problem. The General Assembly has said that the Act shall be liberally construed and that exemptions shall be narrowly construed. Va. Code § 2.2-3700.

Accordingly, as the court is not aware of any authority to close this proceeding for closing argument, the court will dispense with that procedure, decide the matter on the papers read, and order that the November 3, 2003, City Council meeting voted closed be open by allowing public access to the depositions transcribed as a part of this proceeding.